P. J. WILLIS & BRO. v. TURNLEY & BRO.

(No. 1054, Op; Book No. 2, p. 379.)

APPEAL from Galveston County. Opinion by WINKLER, J.

§ 789. *Contract; definition and requisites of.* A contract, in legal contemplation, has been defined to be an agreement between two or more parties for the doing or

not doing of some particular thing. [1 Pars. on Con. 6.] Or, as defined by Blackstone: "A contract is an agreement upon sufficient consideration to do, or not to do, a particular thing." [2 Black. Com. 446.] The essentials of a legal contract are: first, the parties; secondly, the consideration; thirdly, the assent of the parties, without which there is in law no contract; and fourthly, the subject matter of the contract, i. e., what the parties propose as its effect. [1 Pars. Con. 8.] It has been well and forcibly said, that it is a principle of the law of contracts that there must be an agreement of the minds of the parties, or the concert and harmony of their intentions, and this is said to be essential. The parties to the contract must propose and mean the same thing, and in the same sense. [1 Pars. Con. 6.] It is not only necessary that the minds of the contracting parties should meet on the subject matter of the contract, but they must communicate that fact to each other, so that both may know that their minds do meet, and it is then only that the mutual assent necessary to a valid contract exists, and not until then that the contract is concluded. [Patton v. Rucker, 29 Tex. 408; Fort v. Barnett, 23 Tex. 463.]

February 19, 1881.        Reversed and remanded.